UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARRY LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12-CV-1286-DDN |
| | ) |
| ELLIS McSWAIN, JR., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Harry Little for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, a Missouri parolee, seeks monetary, declaratory, and injunctive relief against defendant Ellis McSwain, Jr. (Chairman, Missouri Board of Probation and Parole). Plaintiff is seeking relief from one of the restrictions imposed by his parole. Specifically, he alleges that he is being unconstitutionally required to pay a $30 monthly "intervention fee" pursuant to a retroactive application of Section 217.690.3 of the Revised Statutes of Missouri, which did not become effective until after he had been placed under parole supervision. Plaintiff claims that if he fails to pay the fee, he will "suffer a sanction for noncompliance."

## Discussion

At the outset, the Court notes that plaintiff filed the instant action on a court-provided form entitled "Complaint." Plaintiff states that the ground for filing this action in Federal Court is, as follows: "Plaintiff's action is brought pursuant to 42 U.S.C. § 1983." The Court finds, however, that inasmuch as plaintiff is challenging a condition of his parole, his claim is solely cognizable under 28 U.S.C. § 2254. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003)(given that "conditions" of parole constitute the confinement, parolees must present challenges in § 2254 collateral attack). As such, the instant § 1983 action is legally frivolous.

Because it is unclear whether plaintiff has exhausted his available state remedies, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), and in light of the requirements set forth in *United States v. Morales*, 304 F.3d 764 (8th Cir. 2002), the Court will not construe the instant action as having been brought under § 2254, but rather, will dismiss the complaint, without prejudice. As such, plaintiff will have the opportunity to decide whether to refile the action as a collateral attack after exhausting available state remedies.[1]

---

[1] The Court notes that Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's separate motion for injunctive relief [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of July, 2012.


/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**